FILED
This 2nd day of July, 20 03
Arlen B. Coyle, Clerk
by R. Ellifson
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNTIED STATES OF AMERICA

v.                                    CRIMINAL NO.: 4:03CR070-D

DAVID GENE McKENZIE

INFORMATION

The United States Attorney charges that:

COUNT ONE

On or about June 1, 2002, in the Northern District of Mississippi, DAVID GENE McKENZIE, a public official, that is contract specialist of the mid-south area of the Agriculture Research Service of the United States Department of Agriculture, knowingly and corruptly demanded, received and accepted things of value, that is two checks payable to McKENZIE's wife totaling $14,000, from a person entering into a government contract number 50-4431-2-0200, with the Agriculture Research Service, in return for being influenced in the performance of an official act and being influenced to commit, collude in and allow a fraud on the United States, that is he did demand and receive kickbacks of money from the government contractor in exchange for awarding and continuing to award United States Department of Agriculture contracts to the contractor paying him, thereby running up the cost of the projects under contract and constituting a fraud on the United States, in violation of Section 201(b)(2)(A) and (B) of Title 18 of the United States Code.

COUNT TWO

From on or about February of 2002 until on or about February of 2003, in the Northern District of Mississippi, DAVID GENE MCKENZIE, defendant, knowingly entered into an agreement, combination and conspiracy with other persons known and unknown to the United States Attorney to defraud the United States Department of Agriculture, Agriculture Research Service, by obtaining and aiding to obtain the payment and allowance of fraudulent claims upon the Agriculture Research Service.

It was part of the agreement, combination and conspiracy that DAVID GENE McKENZIE, a contract specialist and contracting officer with the mid-south area of the Agriculture Research Service, did manipulate the bidding process on contracts between Agriculture Research Service and various contractors to insure that contractors who were willing to pay him kickbacks were awarded the contracts, using various means, including taking only one bid, fabricating bids in higher amounts than the favored bidder, and furnishing inside information to the favored bidders.

It was further part of the agreement, combination and conspiracy that DAVID GENE McKENZIE did inflate the amount of the winning bids on Agriculture Research Service contracts to provide for both completion of the project specified in the contract and enough extra money to enable the contractor to pay a kickback or bribe to DAVID GENE McKENZIE, and in so doing, caused the

Agriculture Research Service to pay more money than necessary to complete the projects specified in the contracts.

It was further part of the agreement, combination and conspiracy that DAVID GENE McKENZIE would and did demand kickbacks from various contractors in the following contracts on the approximate dates and in the approximate amounts listed, as follows:

|    | Date     | Purchase Order/ Contractor | Description         | Kickback                    |
|----|----------|----------------------------|---------------------|-----------------------------|
| 1) | 02/20/02 | 42-4431-2-0004             | Grass Cutting       | $ 2,900                     |
| 2) | 05/17/02 | 50-4431-2-0200             | Construction Trailer| $14,000                     |
| 3) | 05/17/02 | 50-4431-2-0300             | Drainage Pipe       | $ 3,000                     |
| 4) | 06/18/02 | 50-4431-2-0600             | Lift Station        | $ 1,000                     |
| 5) | 06/28/02 | 53-4431-2-0800             | Install Generator   | $ 4,000                     |
| 6) | 07/22/02 | 50-4431-2-0900             | Repair Catfish Ponds| $15,000                     |
| 7) | 08/16/02 | 50-4431-2-1100             | Roofing             | $3,400 - (10% of $34,000)   |
| 8) | 08/27/02 | 50-4431-2-1200             | Replace Windows     | $ 9,000                     |
| 9) | 9/4/02   | 50-4431-2-1400             | Greenhouse Slab     | $ 2,000                     |

All of these bribes and kickbacks demanded were paid to DAVID GENE McKENZIE in the approximate amounts listed above except the $3,000 in contract number 50-4431-2-0300 and the $3,400 in contract number 50-4431-2-1100.

It was further part of the agreement, combination and conspiracy that DAVID GENE McKENZIE and the coconspirators, in order to carry out a fraud upon the United States, would and did make and submit false and fraudulent invoices for payment which led directly to overpayment on claims against the government

contracts to the contractors and constituted a fraud against the United States;

in violation of Section 286 of Title 18 of the United States Code.

---

JIM M. GREENLEE
United States Attorney

by: *John M. Alexander*
*Assistant U.S. Attorney*

CERTIFYING STAMP
I hereby certify that the foregoing is a true copy of the original thereof now in my office.
Attest 9-13-06
Arlen B. Coyle, Clerk
By *S. Adams*
Deputy Clerk

# United States District Court
## Northern District of Mississippi

**FILED**
JUL 6 – 2004
Arlen B. Coyle, Clerk
By _A. Adams_ Deputy

UNITED STATES OF AMERICA

v.                                          Case Number   4:03CR00070-001

DAVID GENE MCKENZIE
   Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, DAVID GENE MCKENZIE, was represented by Mr. Douglas C. McNabb.

The defendant pleaded guilty to count(s) 1 and 2 of the information filed on July 2, 2003. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 201(b)(2)(A), & (B) | Bribery of Public Officials and Witnesses | 6/1/2002 | 1 |
| 18 U.S.C. § 286 | Conspiracy to Defraud the Government with Respect to Claims | 2/2003 | 2 |

As pronounced on June 22, 2004, the defendant is sentenced as provided in pages 1 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200, for count(s) 1 and 2, which shall be due immediately. All criminal monetary penalties to include special assessments, fine, and/or restitution (including community restitution) shall be made to the Clerk, U.S. District Court, 911 Jackson Avenue, Room 369, Oxford, MS 38655. Payment shall be tendered in cash, postal money order, or certified bank check only. Personal checks will not be accepted.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the ___1st___ day of ~~June~~ July, 2004.

_____
Glen H. Davidson
CHIEF JUDGE

Defendant's SSN: 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         Defendant's Date of Birth: 03/22/1957
Defendant's Mailing Address: 1705 CR 4419; Brundidge, AL 36010
Defendant's Residence Address: 1705 CR 4419; Brundidge, AL 36010
Defendant's USM No: 11809-042

**CRIMINAL JUDGMENT BOOK**
BOOK _80_ PAGE(S) _1-5_
DATE: _07-07-04_

Defendant: DAVID GENE MCKENZIE                                                      Judgment--Page 2 of 5
Case Number: 4:03CR00070-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 months on each of Counts 1 and 2, to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

The defendant be housed in a facility in Alabama or North Florida if possible and he be afforded the opportunity to participate in an alcohol/substance abuse program suitable for this defendant.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons on or before 12:00 Noon on __July 26, 2004__ as notified by the Clerk of the Court.

## RETURN

I have executed this Judgment as follows:
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____
Deputy Marshal

2

Defendant: DAVID GENE MCKENZIE                                            Judgment--Page 3 of 5
Case Number: 4:03CR00070-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Three (3) years on each of Counts 1 and 2, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to such controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____     _____
         Defendant                                              Date

_____     _____
U.S. Probation Officer/Designated Witness                        Date

AO 245 S  Sheet 3a - Supervised Release

Defendant: DAVID GENE MCKENZIE                                           Judgment--Page 4 of 5
Case Number: 4:03CR00070-001

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1. The defendant shall not possess a firearm or other destructive device.

2. The defendant shall pay any restitution that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

Defendant: DAVID GENE MCKENZIE                                                                 Judgment--Page 5 of 5
Case Number: 4:03CR00070-001

## RESTITUTION

The defendant shall make restitution to the following payees in the amount listed below:

| Name of Payee | *Total Amount of Loss | Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| United States Department of Agriculture ARS, Jamie Whitten Delta Research Center 141 Experiment Station Road Stoneville, MS 38776 | | $52,400 | |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 S Sheet 7 - Statement of Reasons - Attachment A

I hereby certify that the foregoing is a true copy of the original thereof now in my office
Attest  9-13-06
Arlen B. Coyle, Clerk
By _J. Adams_
Deputy Clerk

CLOSED, PLEA_AGREEMENT

# U.S. District Court
# Northern District of Mississippi (Greenville Division)
# CRIMINAL DOCKET FOR CASE #: 4:03-cr-00070-GHD-ALL
# Internal Use Only

Case title: USA v. McKenzie

Date Filed: 05/20/2003

Assigned to: Glen H. Davidson

**Defendant**

**David Gene McKenzie** (1)
*TERMINATED: 07/07/2004*

represented by **David L. Murff**
MCNABB ASSOCIATES, PC
JP Morgan Chase Tower
600 Travis, Suite 6950
Houston, TX 77002
(800) 870-0828
*TERMINATED: 08/13/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Douglas C. McNabb**
MCNABB ASSOCIATES, PC
JP Morgan Chase Tower
600 Travis, Suite 6950
Houston, TX 77002
(800) 870-0828
*TERMINATED: 07/07/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:201B.F GRAFT AND CONFLICT OF INTEREST - receipt and acceptance of bribes by a public official
(1)

18:286.F CONSPIRE TO DEFRAUD GOVERNMENT RESPECT TO CLAIM - conspiracy to defraud the United States

**Disposition**

IMPRISONMENT: 24 mos. on each counts to be served conc.; SUPERVISED RELEASE: 3 yrs. on each count to run conc; RESTITUTION: $52,400; SPECIAL ASSESSMENT: $200.00

IMPRISONMENT: 24 mos. on each counts to be served conc.; SUPERVISED RELEASE: 3 yrs. on

| with respect to claims (2) | each count to run conc; RESTITUTION: $52,400; SPECIAL ASSESSMENT: $200.00 |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                       **Disposition**

None

**Plaintiff**

**United States of America**    represented by  **John Marshall Alexander**
U.S. ATTORNEY'S OFFICE
900 Jefferson Avenue
Oxford, MS 38655-3608
(662) 234-3351
Email: john.alexander@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/2003 | 1 | PLEA AGREEMENT as to David Gene McKenzie Count(s): 1 & 2 (sta) (Entered: 05/21/2003) |
| 05/20/2003 | | **Added Government Attorney John Marshall Alexander as to David Gene McKenzie (sta) (Entered: 05/21/2003) |
| 05/20/2003 | | **Added for David Gene McKenzie Attorney Douglas C. McNabb (sta) (Entered: 05/21/2003) |
| 05/21/2003 | 2 | Criminal Information Sheet by USA as to David Gene McKenzie (Washington County) (sta) |
| 06/06/2003 | 3 | MOTION by David Gene McKenzie for Douglas C. McNabb and David L. Murff to Appear Pro Hac Vice, Admission Fee: Amount $50.00 Receipt #72444 (sta) (Entered: 06/09/2003) |

| | | |
|---|---|---|
| 06/06/2003 | 4 | NOTICE Of Designation Of Attorney In Charge as to David Gene McKenzie (sta) (Entered: 06/09/2003) |
| 06/09/2003 | 5 | ORDER as to David Gene McKenzie granting [3-1] motion for Douglas C. McNabb and David L. Murff to Appear Pro Hac Vice, Admission Fee: Amount $50.00 Receipt #72444 as to David Gene McKenzie (1) (Signed by Chief Judge Glen H. Davidson on 06/05/03) Date of Entry: 06/09/03 (sta) |
| 06/12/2003 | | Waiver of Indictment/Filing of Information/Taking of Plea as to David Gene McKenzie set for 1:30 7/2/03 for David Gene McKenzie Location: Aberdeen, MS before Chief Judge Glen H. Davidson (sta) |
| 07/02/2003 | 6 | WAIVER OF INDICTMENT by David Gene McKenzie (sta) (Entered: 07/08/2003) |
| 07/02/2003 | 7 | INFORMATION as to David Gene McKenzie (1) count(s) 1, 2 (sta) (Entered: 07/08/2003) |
| 07/02/2003 | 8 | Notice of Penalties as to David Gene McKenzie (sta) (Entered: 07/08/2003) |
| 07/02/2003 | | **Location LR as to David Gene McKenzie per appearance bond (doc #9) (sta) (Entered: 07/08/2003) |
| 07/02/2003 | | Waiver of Indictment/Filing of Information/Taking of Plea as to David Gene McKenzie held on 7/2/03 in Aberdeen, MS before Chief Judge Davidson. (sta) (Entered: 07/08/2003) |
| 07/02/2003 | | TAKING OF PLEA Guilty: David Gene McKenzie (1) count(s) 1, Location: Aberdeen, MS before Chief Judge Glen H. Davidson Court accepts plea. (sta) (Entered: 07/08/2003) |
| 07/07/2003 | 9 | Appearance BOND entered by David Gene McKenzie in Amount $ 10,000.00 unsecured -- Defendant released 07/02/03 (sta) (Entered: 07/08/2003) |
| 07/07/2003 | 10 | CRIMINAL MINUTES for: Waiver of Indictment, Filing of Information & Taking of Plea held 07/02/03 as to David Gene McKenzie. Defendant plead guilty to ct. 1 of information. Bond set $10,000.00 unsecured without supervision. Sentencing delayed pending preparation of presentence report. Location: Aberdeen, MS before Chief Judge Glen H. Davidson Court Reporter: Phyllis McLarty (sta) (Entered: 07/08/2003) |
| 08/13/2003 | 11 | WITHDRAWAL of Notice of Appearance of David L. Murff as to David Gene McKenzie (sta) (Entered: 08/14/2003) |
| 08/13/2003 | | **Terminated attorney David L. Murff for David Gene McKenzie per Withdrawal of Notice of Appearance (doc. 11) (sta) (Entered: 08/14/2003) |
| 02/05/2004 | | TRANSCRIPT of Waiver of Indictment & Plea filed as to David Gene McKenzie for dates of 07/02/03 before Chief Judge Glen H. Davidson (sta) (Entered: 02/06/2004) |
| 04/29/2004 | | Sentencing set for 1:15 6/17/04 for David Gene McKenzie (1) count(s) 1, 2 Location: MS before Chief Judge Glen H. Davidson (sta) |

| | | |
|---|---|---|
| 05/18/2004 | | Sentencing set for 11:00 6/22/04 for David Gene McKenzie (1) count(s) 1, 2 Location: Oxford, MS before Chief Judge Glen H. Davidson (sta) |
| 06/16/2004 | 12 | MOTION by USA as to David Gene McKenzie for Downward Departure Under the Sentencing Guidelines (sta) |
| 06/17/2004 | | Sentencing set for 2:00 6/22/04 for David Gene McKenzie (1) count(s) 1, 2 Location: Oxford, MS before Chief Judge Glen H. Davidson (sta) |
| 06/18/2004 | 13 | SENTENCING MEMORANDUM by David Gene McKenzie (sta) (Entered: 06/21/2004) |
| 06/22/2004 | | Sentencing held on 6/22/04 David Gene McKenzie (1) count(s) 1 in Oxford, MS before Chief Judge Davidson. (sta) (Entered: 06/25/2004) |
| 06/22/2004 | | Sentencing held on 6/22/04 David Gene McKenzie (1) count(s) 2 in Oxford, MS before Chief Judge Davidson. (sta) (Entered: 07/06/2004) |
| 06/24/2004 | 14 | CRIMINAL MINUTES for: Sentencing held 06/22/04 as to David Gene McKenzie granting [12-1] motion for Downward Departure Under the Sentencing Guidelines as to David Gene McKenzie (1). Location: Oxford, MS before Chief Judge Glen H. Davidson Court Reporter: Phyllis McLarty (sta) (Entered: 06/25/2004) |
| 06/24/2004 | 15 | ORDER of Voluntary Surrender is hereby ordered to surrender himself by reporting as directed by the clerk of the court on 07/26/04 as to David Gene McKenzie (Signed by Chief Judge Glen H. Davidson on 06/22/04) (sta) (Entered: 06/25/2004) |
| 07/06/2004 | 16 | JUDGMENT David Gene McKenzie (1) count(s) 1, 2. IMPRISONMENT: 24 mos. on each counts to be served conc.; SUPERVISED RELEASE: 3 yrs. on each count to run conc; RESTITUTION: $52,400; SPECIAL ASSESSMENT: $200.00 (Signed by Chief Judge Glen H. Davidson on 07/01/04) JC #80 pgs. 1-5 Date of Entry: 07/07/04 (sta) (Entered: 07/07/2004) |
| 07/07/2004 | | **Termination of party David Gene McKenzie pending deadlines and pending motions as to David Gene McKenzie (sta) |
| 07/07/2004 | | **Case closed as to David Gene McKenzie (all defendants). (sta) |
| 07/19/2004 | | LETTER that defendant is hereby directed to report to the Federal Prison Camp, Eglin Air Force Base, Florida 32542-7606 on or before 12:00 noon on 07/26/04 in order to begin the service of your sentence as to David Gene McKenzie (sta) |
| 08/10/2004 | 17 | Judgment Returned Executed as to David Gene McKenzie; on 07/26/04 Defendant in custody at FPC Eglin, Eglin AFB, FL (sta) |
| 09/07/2006 | 18 | Probation Jurisdiction Transferred to Middle District of Alabama as to David Gene McKenzie Transmitted Transfer of Jurisdiction form, with certified copies of information, judgment and docket sheet. (sta, USDC) (Entered: 09/13/2006) |

Attest ___9-13-06___
Arlen B. Coyle, Clerk
By ___/s/ V. Adams___
Deputy Clerk